UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HEAVENOR SLANE** | * | CIVIL ACTION |
|     **Plaintiff** | * | |
| | * | NO. 2 0 - 3 2 5 0 |
| V. | * | |
| | * | JUDGE: |
| **RELIANCE STANDARD LIFE** | | |
| **INSURANCE COMPANY &** | | |
| **COGENT COMMUNICATIONS, INC.** | * | MAG.: |
|     **Defendants** | * | |

# <u>COMPLAINT</u>

1. Plaintiff, Heavenor Slane ("Plaintiff"), brings this action under the Employee Retirement Income Security Act ("ERISA") against Defendants, Reliance Standard Life Insurance Company ("Reliance") and Cogent Communications, Inc. ("Cogent") for benefits payable under a long-term disability plan ("Plan") sponsored by Cogent and administered by Reliance.

2. Reliance reviewed claims for benefits under the Plan.

3. This Complaint challenges the Defendants': 1) unreasonable and unlawful denial of long-term disability income benefits despite the substantial medical evidence demonstrating Slane's qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Slane's eligibility for said benefits; 3) failure to comply with ERISA's procedural requirements; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Slane's claim.

4. Slane is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify her rights under the terms of the Plan, and to recover costs,

1

attorneys' fees, and pre- and post- suit interest as provided by ERISA.

5.  This Court has personal jurisdiction over the Defendants and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan was administered in this district and the Defendants' breach of their ERISA obligations took place in this district.

6.  Slane is domiciled in Tangipahoa Parish, Louisiana She has standing to bring this action under 29 U.S.C. § 1132(a).

7.  Defendant Reliance is domiciled in Illinois and has its principle place of business in Pennsylvania. Defendant Cogent is domiciled in Delaware and has its principle place of business in Washington, DC.

8.  Slane is disabled due to lactic acidosis, lactic acid increase, abdominal pain, atrial fibrillation, and disease. She has had multiple emergency room visits, intravenous infusions, and hospital stays since the onset of her disability.

9.  Reliance denied benefits on the basis of a pre-existing condition exclusion. However, this exclusion was inappropriately applied. Plaintiff became insured on June 1, 2019, as her first day of work was June 3, 2020. However, she did not begin treatment for her disabling condition until July 3, 2020.

10. Reliance found Slane's first day insured to be July 23, 2019, even though her first day insured was June 1, 2020. Therefore, the application of the pre-existing exclusion was flawed. Cogent failed to correctly state Slane's first day of work and failed to properly maintain a summary plan description stating the effective date of long-term disability coverage.

11. Slane should be deemed to have exhausted administrative remedies pursuant to 29 C.F.R. 2560-503.1(i)(l)(i). Through undersigned counsel, she filed an appeal of the denial of

benefits, which was received on August 6, 2020. Reliance acknowledged receipt of the appeal via email to Ms. Slane, even though it knew to correspond with Ms. Slane's appointed representative. Reliance never followed up with a status of the appeal or requested an extension of time. Over 90 days have passed since receipt of the appeal, and Reliance has failed to render a decision or state why the appeal is taking so long.

12. Defendants failed to provide Slane with a full and fair review of her claim for benefits.

13. Defendants have lost the right to claim discretion to interpret the plan or exercise discretion in determining eligibility for benefits due to the failure to follow ERISA procedural requirements. The standard of review should therefore be *de novo*.

14. The Defendants were motivated by financial conflict of interest when they denied Slane's claim for benefits.

15. The decision to deny Slane's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

16. Due to the unlawful denial/termination of benefits under ERISA, Plaintiff has lost her rightful long- term disability benefits.

17. Slane has also suffered emotional distress and an exacerbation of her physical and emotional conditions as a result of Defendants' actions.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

18. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

19. The Plan is a contract.

20. Slane has performed all of his obligations under the contract.

21.     29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

   a.   by a participant or beneficiary –

   i.   For the relief provided for in subsection (c) of this section, or

   ii.  to recover benefits due to him under the terms of the Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

22.    The Defendants' actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

23.    Defendant Reliance unlawfully denied Slane's benefits in part by: (1) rejecting the substantial evidence supporting Plaintiff's claim; and (2) denying Slane a full and fair review the decision to deny benefits. Defendant Cogent acted unlawfully in failing to accurately state to Reliance when Slane became insured under the Plan and failing to cooperate with the pre-existing condition investigation.

24.    In accordance with 29 U.S.C. §1132, Slane is entitled to be paid benefits under the Plan based upon her disabled status during her period of disability and ongoing.

25.    The Defendants have refused to provide Slane with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA,

26.    As a direct and proximate result of this breach, Slane has lost the principal and the use of her rightful long-term disability benefits.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty)

27.    Plaintiff realleges each of the paragraphs above as if fully set forth herein;

28.    In the event the Court finds Slane is unable to recover under ERISA § 502(a)(1)(b), she

makes an alternative claim against Cogent under ERISA § 502(a)(3) for breach of fiduciary duty due to its untruthful statements as to the date plaintiff became eligible for benefits under the plan and failure to cooperate with Reliance's pre-existing condition investigation. In addition, Cogent failed to maintain and provide a summary plan description providing information about the eligibility date for benefits.

## THIRD CAUSE OF ACTION

(Attorneys' Fees and Costs)

29. Plaintiff realleges each of the paragraphs above as if fully set forth herein;

30. Under the standards applicable to ERISA, Slane deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to ERISA, § 502(g)(1).

30. Defendant has the ability to satisfy the award.

31. Defendants acted in bad faith in denying Plaintiffs' benefits under the Plan.

32. The award of attorneys' fees against the Defendant swill deter the Defendants and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## **PRAYER FOR RELIEF**

33   WHEREFORE, the Plaintiff respectfully prays that the Court:

a. Declare, adjudge, and decree that Plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan for the pendency of disability;

b. Award Plaintiff the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

c. Order that the Defendants make restitution to Plaintiff in the amount of any losses

sustained by Plaintiff in consequence of the wrongful conduct alleged herein, together with pre-suit and pre-judgment interest;

      d.     Award Plaintiff the costs of this action and reasonable attorneys' fees;

      e.     Award Plaintiff all appropriate equitable relief, including but not limited to equitable surcharge;

      f.     Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.
DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
3500 North Hullen St.
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: (504) 405-3245
Fax: 1-866-651-8738
Attorney for Plaintiff Heavenor Slane