```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


HEAVENOR SLANE                                      CIVIL ACTION


v.                                                  NO. 20-3250


RELIANCE STANDARD                                   SECTION "F"
LIFE INSURANCE COMPANY, ET AL.
```

ORDER AND REASONS

Before the Court is Reliance Standard Life Insurance Company's motion for partial summary judgment on standard of review. For the reasons that follow, the motion is DENIED without prejudice.

**Background**

This lawsuit seeking recovery of ERISA long-term disability benefits challenges the plan administrator's adverse benefits determination based on the plan's pre-existing condition exclusion.

Heavenor Slane lives in Tangipahoa Parish, Louisiana; she alleges that she suffers from lactic acidosis, lactic acid increase, abdominal pain, atrial fibrillation, and disease; since the onset of her disability, she alleges that she has had multiple

1

emergency room visits, intravenous infusions, and hospital stays since the onset of her disability.

On June 3, 2019, Ms. Slane began working as a salesperson for Cogent Communications, Inc., which sponsors a long-term disability plan pursuant to the Employee Retirement Income Security Act. Reliance Standard Life Insurance Company administers the Plan. The Schedule of Benefits page identifies eligible persons as "active full-time employees"[1] with an effective date of coverage starting on "[t]he first of the month coinciding with or next following the day the person becomes eligible." The policy contains a pre-existing conditions limitation, which bars a claim when the insured has received "medical Treatment, consultation, care or services ... during the three (3) months immediately prior to the Insured's effective date of insurance."[2] The Plan's Claims

---

[1] The Plan defines "Active Work" as "actually performing on a Full-time basis the material duties pertaining to his/her job in the place where and the manner in which the job is normally performed. This includes approved time off such as vacation, jury duty and funeral leave, but does not include time off as a result of an Injury or Sickness."

[2] This limitation states:
   PRE-EXISTING CONDITIONS: Benefits will not be paid for a Total Disability:
   (1) caused by;
   (2) contributed to by; or
   (3) resulting from;
   A Pre-existing Condition unless the Insured has been Actively at Work for one (1) full day following the end of twelve (12) consecutive months from the date he/she became an Insured.
   "Pre-Existing Condition" means any Sickness or Injury for which the Insured received medical Treatment,

Provisions page grants Reliance discretion to interpret the Plan and determine eligibility for benefits.[3]

According to Reliance and based on Cogent's attendance records, although Ms. Slane started work on June 3, 2019, she temporarily stopped working on June 21, 2019. She did not resume working until July 22, 2019 (which means she was not at work on July 1, 2019). A few days after resuming work, she stopped working again. In late January 2020, she filed a claim seeking long-term disability benefits.

In May 2020, Reliance Standard denied Ms. Slane's claim for long-term disability benefits, determining that coverage was excluded based on the pre-existing condition exclusion. When Ms. Slane received the denial of benefits determination on August 6, 2020, she appealed. Reliance acknowledged receipt of the appeal by email to Ms. Slane. It is alleged that Reliance never followed up. Reliance submits that it issued a final decision letter on

---

consultation, care or services, including diagnostic procedures, or took prescribed drugs or medicines, during the three (3) months immediately prior to the Insured's effective date of insurance.

[3] Page 6.0 provides:
Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final and binding on all parties.

August 17, 2020, which it contends that it sent to plaintiff's counsel, who denies receiving it.

When more than 90 days had passed since Reliance received Ms. Slane's appeal, on December 1, 2020, Heavenor Slane sued Reliance Standard Life Insurance Company and Cogent Communications, Inc. Ms. Slane alleges that she never received the August 17, 2020 letter.  Ms. Slane seeks to recover benefits due under the long-term disability plan sponsored by Cogent and administered by Reliance.  She advances two claims: one to enforce the terms of the Plan and seeks to be paid benefits based upon her disabled status during her period of disability and ongoing; and, two, in the alternative, if she is unable to recover under ERISA § 502(a)(1)(b), she alleges that Cogent breached its fiduciary duty under ERISA § 502(a)(3) due to its untruthful statements as to the date she became eligible for benefits and its failure to cooperate with Reliance's pre-existing condition investigation.  In connection with the breach of fiduciary duty claim, Ms. Slane also alleges that Cogent failed to maintain and provide a summary plan description providing information about the eligibility date for benefits.

Ms. Slane challenges the defendants unreasonably and unlawfully denied long-term disability benefits despite substantial medical evidence demonstrating her qualifications.

4

She also alleges a pattern of rejecting or ignoring substantial evidence supporting her eligibility for benefits; failure to comply with ERISA's procedural requirements; and failure to provide a reasonable claims procedure that would yield a decision on the merits of her claim.  She alleges that the defendants failed to provide her with a full and fair review of her claim for benefits and, relevant to the pending motion, that the defendants have lost the right to claim discretion to interpret the plan or exercise discretion in determining eligibility for benefits due to the failure to follow ERISA procedural requirements.  She thus advocates that the Court review the defendants' denial of her claim *de novo*.  Ms. Slane additionally alleges that the defendants were motivated by a financial conflict of interest when they denied her claim and that the decision to deny benefits was wrongful, irrational, contrary to the substantial evidence, contrary to the Plan terms, and contrary to law.  In addition to losing her right to long-term disability benefits, Ms. Slane alleges that she has suffered emotional distress and exacerbation of her physical and emotional conditions due to the defendants' conduct.  She also seeks attorney's fees and costs under § 502(g)(1) due to the defendants' alleged bad faith in denying her plan benefits.

Reliance Standard now moves for partial summary judgment limited to resolving the standard of review applicable to its adverse benefits determination.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress

his claims.  Id.  Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2).  "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted).  In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).  Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

II.

*A.*

Under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, federal courts have jurisdiction to review benefits determinations by plan administrators.  See 29 U.S.C. § 1132(a)(1)(B).  If the plan administrator denies the participant's

claim for benefits, ERISA authorizes the beneficiary to file suit in federal district court "to recover benefits due to [her] under the terms of the plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under terms of the plan." Id. When reviewing an ERISA plan administrator's benefits determination, the Court applies a *de novo* standard of review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." See Arianna M. v. Humana Health Plan of Tex., Inc., 884 F.3d 246, 247 (5th Cir. 2018)(*en banc*)(citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). Thus, "[w]here a plan administrator has discretion ... the administrator's denial of benefits [is reviewed] deferentially for abuse of discretion." Rittinger v. Healthy All. Life. Ins. Co., 914 F.3d 952, 955 (5th Cir. 2019).

Even where a plan confers on the administrator discretionary authority, however, the administrator may forfeit the benefit of the deferential standard of review if it fails to strictly comply with ERISA deadlines, such as when an administrator fails to render a decision or renders a decision beyond the deadline. See Fessenden v. Reliance Standard Life Ins. Co., 927 F.3d 998, 1001-02 (7th Cir. 2019)(Barrett, J.); see also Miller v. Reliance Standard Ins. Co., No. 18-10028, 2020 WL 1183712 (E.D. La. Mar. 12, 2020)(Guidry, J.), *appeal filed* 4/8/20.

8

To resolve a dispute concerning whether a plan decision was received, courts apply the mailbox rule: "[p]roof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." Faciane v. Sun Life Assurance Company of Canada, 931 F.3d 412, 420-21 (5th Cir. 2019) (citations omitted). "Circumstantial evidence may be used to prove that the letter was put in the mail, 'including customary mailing practices used in the sender's business.'" Id. at 421 (quoting Custer v. Murphy Oil USA, Inc., 503 F.3d 415, 420 (5th Cir. 2007)). "A 'bare assertion of non-receipt' is insufficient to rebut the presumption." Id. (citing Custer, 503 F.3d at 421). Notably, "[a] threshold question for the application of the mailbox rule is whether there is sufficient evidence that the letter was actually mailed." Duron v. Albertson's LLC, 560 F.3d 288, 290-91 (5th Cir. 2009)(citation omitted).

*B.*

Reliance seeks partial summary judgment regarding the standard of review the Court will apply to the plaintiff's challenge to the adverse benefits determination. Invoking the Plan provision vesting it with discretion to interpret the Plan and make benefits determinations, Reliance submits that the

standard of review applicable to its adverse benefits determination is abuse of discretion, rather than *de novo* review. The plaintiff counters that neither she nor her attorney received the Reliance letter denying her appeal and that Reliance has failed to submit sufficient evidence to trigger application of the mailbox rule in Reliance's favor. On this record, the Court agrees.

Here, the Plan grants Reliance discretionary authority to determine benefit claims under and to interpret Plan terms. Reliance denied Ms. Slane's claim on May 4, 2020, determining that the pre-existing conditions limitation barred the claim because Ms. Slane received medical treatment for her medical conditions in early July 2019, prior to her individual effective date. She appealed the adverse determination. Timothy Scott, a Senior Benefits Analyst for Reliance, was assigned to handle Ms. Slane's appeal. Scott on behalf of Reliance says that he prepared a final decision letter on August 17, 2020, which Reliance implies was mailed to plaintiff's counsel. In an un-notarized, unsworn "Affidavit,"[4] Scott explains *part* of the procedure for mailing

---

[4] The parties stipulated that the form of this unsworn, un-notarized so-called Affidavit "requires no further verification or authentication." That the parties stipulate that the form of the "Affidavit" suffices to render it procedurally competent evidence does not make it so. Why defense counsel did not simply prepare for Scott an unsworn declaration under penalty of perjury, rather than a deficient "Affidavit" is unclear. Regardless, because the Court determines that the substance of the "Affidavit" is as lacking as its form, the Court will not focus on its deficient form.

correspondence while Reliance personnel work remotely during the pandemic: letters are scanned to a centralized printer in the mail room, where the letter "is sent out from there." Scott states that he prepared the appeal denial letter, which "was scanned by me and sent to the centralized printer for mailing on August 18, 2020." He states that "PACS, the Reliance Standard claim system, confirms that the August 17, 2020 letter was scanned." He concludes his "Affidavit" by stating:

> 9. In the PACS file for this claim, there is also a notation for the August 17, 2020 letter under "Status Info" which states: "Send letter on close? No." This means that the letter was not automatically generated and sent because it must be done manually, which I did.
>
> 10. I have reviewed several other letters from other claims that were prepared around the same time as the August 17, 2020 letter in this claim. These letters were mailed in the same manner and it is my understanding that they were all received.
>
> 11. I am unaware of any letter other than the one in this case in which it is alleged that it was not received.
>
> 12. The August 17, 2020 letter was not returned to Reliance Standard by the postal service.

The plaintiff submits that the content of Scott's statement is insufficient to trigger the mailbox rule. And, notwithstanding the part of the process outlined by Scott, plaintiff's counsel declares under penalty of perjury that neither he nor Ms. Slane received the August 17, 2020 letter denying Slane's appeal.

11

Although Reliance has produced a denial letter that it alleges was mailed within the ERISA time limit and it is addressed to the correct address, the plaintiff submits that *evidence of mailing* is lacking.  All Reliance offers is a statement from Timothy Scott that the letter was uploaded to a centralized system for mailing; there is no evidence from a person who affixed postage and put the letter in the mail.  Nor was Mr. Scott in the same room as the person who would have mailed the letter.  There are steps missing between Mr. Scott uploading the letter to the central system and the letter being actually mailed.  Where, as here, mailing is in dispute and the plaintiff submits evidence indicating non-receipt, summary judgment is improper.  The Court agrees.

As the party seeking judgment as a matter of law, Reliance must submit evidence establishing that the threshold requirement of the mailbox rule -- sufficient evidence that the letter was actually mailed -- is satisfied.  It fails to do so.  Reliance characterizes plaintiffs' counsel's declaration of non-receipt as "a bare assertion of non-receipt" insufficient to rebut the presumption that its appeal letter was actually received.  But Reliance skips over its initial obligation to submit sufficient to trigger the mailbox rule.  The threshold for applying the mailbox rule is simply not met by Scott's "Affidavit."  Albeit in improper form, Reliance has submitted evidence suggesting that Scott prepared the appeal denial letter and uploaded it to the system

for mailing. But there is nothing in the record to suggest what happened to the uploaded letter after that or what happens next at Reliance once letters are uploaded from persons working remotely. The Court declines to advise precisely what sort of evidence must be of record to trigger the mailbox presumption in favor of Reliance; suffice to say there is a gap in the circumstantial evidence of record concerning mailing. Absent evidence indicating how the August 2020 denial letter was actually mailed, or (circumstantially) how uploaded letters are actually mailed while Reliance personnel are working remotely during the pandemic, summary judgment is not warranted. A genuine issue of material fact exists as to the plaintiff's receipt of the August 2020 appeal denial letter.

Accordingly, for the foregoing reasons, IT IS ORDERED: that Reliance Standard Life Insurance Company's motion for partial summary judgment is DENIED without prejudice.

New Orleans, Louisiana, April 14, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE